UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOSEPH GARY BAXTER AND PATRICIA MARY BAXTER**,<br><br>Petitioners,<br><br>v.<br><br>**UNITED STATES OF AMERICA**,<br><br>Respondent. | Case No. 15-cv-04764-YGR<br><br>**ORDER ON FIRST AMENDED PETITION TO QUASH; RESPONDENTS' MOTION FOR SUMMARY DENIAL OF FIRST AMENDED PETITION TO QUASH**<br><br>Re: Dkt. Nos. 7, 10, 16, 20 |

Petitioners Joseph Baxter and Patricia Baxter ("Baxters" or "petitioners") bring this action against the United States ("government"), seeking to quash third party summonses the Internal Revenue Service ("IRS") served on the California Supreme Court for documents related to payments made to petitioners. The government opposed and filed a motion for summary denial of the first amended petition to quash ("FAP"). Having carefully considered the papers submitted[1] and the pleadings in this action, oral argument held February 2, 2016, and for the reasons discussed below, the Court **GRANTS IN PART** the first amended petition to quash and **GRANTS IN PART** the motion for summary denial.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

The IRS randomly chose the Baxters as participants for a National Research Program ("NRP") audit for the 2011 tax year. (Dkt. No. 7, FAP ¶ 6.) The NRP examination led to an investigation into the Baxters' 2011 tax liabilities, which in turn resulted in the opening of an examination of their 2012 federal income tax liabilities. (*See id.* ¶ 8.) On September 25, 2015,

---

[1] Petitioners filed a motion to strike the government's reply in support of its motion for summary denial (Dkt. No. 16), arguing the government's reply was filed in violation of the Civil Local Rules and this Court's prior scheduling orders. Petitioners' motion to strike is **DENIED**. The Civil Local Rules entitle the government to file a reply in support of its motion and the Court's prior scheduling orders allowed the same, even if not explicitly. Petitioners' arguments to the contrary do not persuade. Moreover, petitioners' motion to enlarge or shorten time to accommodate briefing on the motion to strike (Dkt. No. 20) is **DENIED AS MOOT**. All motions were fully briefed and addressed at the February 2, 2016 hearing.

1    IRS agent Shirley Steen served two IRS third-party summonses on the California Supreme Court
2    directing them to provide "documents relating to billing statements, invoices, or other documents
3    resulting in payments to Petitioners, contracts operable during those time periods, and other
4    information about how attorneys are paid by the Judicial Council." (Dkt. No. 10-2, "Steen Decl.,"
5    ¶ 11.) Petitioner Joseph Baxter, who is an attorney, represents capital defendants and is paid for
6    that work by the California Supreme Court. (FAP ¶ 9.) One summons served on the California
7    Supreme Court requested documents for the 2011 taxable year (the "Summons for 2011") and
8    another requested documents for the 2012 taxable year (the "Summons for 2012"). (*Id.* ¶¶ 1, 8.)

9    On the same day, September 25, 2015, Agent Steen sent separate notices of service for
10   each summons by certified mail to the Baxters, and both were returned as unclaimed mail. (Steen
11   Decl. ¶¶ 12, 15.) In addition, Agent Steen sent a notice of service of the Summons for 2011 to the
12   Baxters' personal representative, Sara Baxter, petitioners' attorney of record in this action. (*Id.* ¶
13   12.) A similar notice of service of the Summons for 2012 was not sent to Sara Baxter because she
14   was not listed as the petitioners' personal representative for their 2012 federal income tax
15   liabilities. (*Id.*)

16   On October 15, 2015 – twenty days after the notices were sent – petitioners instituted this
17   action, filing a petition to quash the Summons for 2011. (Dkt. No. 1.) October 20, 2015,
18   petitioners filed the FAP, which also seeks to quash the Summons for 2012. (FAP p. 2 n. 1.)
19   According to petitioners, they were "never served with the [Summons for 2012] and thus did not
20   include it within their [original] petition to quash." (*Id.*) Petitioners became aware of the
21   Summons for 2012 on October 19, 2015, when counsel for the California Supreme Court informed
22   petitioners' attorney thereof. (*Id.*) The FAP seeks to quash both summonses on several grounds,
23   including that: (1) the IRS failed to provide petitioners advance notice it would contact the
24   California Supreme Court in violation of 26 U.S.C. section 7602(c)(1), and (2) the documents the
25   IRS seeks are protected by the attorney-client privilege.

26   In opposition to the FAP, the government contends that petitioners cannot challenge the
27   Summons for 2012 because the FAP was untimely with respect to that summons. The government
28   further contends that FAP should be denied as to both the Summons for 2011 and Summons for

1  2012 because it satisfied the requirements for enforcement of an administrative IRS summons as
2  announced by the Supreme Court in *United States v. Powell*, 379 U.S. 48 (1964), including the
3  advance notice requirement.  Petitioners' assertion of attorney-client privilege fails, according to
4  the government, because petitioners fail to show the documents would reveal the substance of
5  protected communications between attorney and client.  Based thereon, the government requests
6  that the Court deny petitioners' request that it quash both summonses.

## II. THE SUMMONS FOR 2011

To enforce a summons or dismiss a petition to quash a summons, the government must first establish a prima facie case of good faith by making a showing that: (1) the underlying investigation is for a legitimate purpose, (2) the inquiry requested is relevant to that purpose, (3) the information sought is not already in the government's possession, and (4) the administrative steps required by the Internal Revenue Code ("IRC") have been followed.  *Powell*, 379 U.S. at 57-58.  The government's burden is "minimal" and "[a] prima facie case of good faith typically is made through the introduction of the sworn declaration of the revenue agent who issued the summons."  *United States v. Gilleran*, 992 F.2d 232, 233 (9th Cir. 1993).  If the government establishes its prima facie case, the burden of proof shifts to the party challenging the summons to show "abuse of process" or "the lack of institutional good faith."  *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1414 (9th Cir. 1993).

The Court finds that the government has met its burden as to the first three *Powell* requirements.  First, the Summons for 2011 was issued for the legitimate purpose of investigating the IRS's suspicion of unreported income. (Steen Decl. ¶¶ 7, 9.)  The government may use its summons authority "merely on suspicion that the law is being violated, or even just because it wants assurance that it is not." *Powell*, 379 U.S. at 57.  Second, the relevance requirement is satisfied here.  As the source of a significant amount of petitioners' income during 2011, the California Supreme Court is an obvious entity to summons upon suspicion of unreported income. (*Id.* ¶ 18.)  Third, the government has submitted testimony indicating the summonsed information is not already in the government's possession. (*Id.* ¶ 16)  For example, the bank records already in the government's possession do not reveal all relevant information, such as the reason for

3

payment, which would allow the IRS to determine which payments were taxable income and which were not.

As to compliance with IRC's administrative steps (element four), the government has not met its burden under *Powell*. The IRC limits IRS contact with third parties to occur only after notice of the contact is given to the taxpayer:

> An officer or employee or the Internal Revenue Service may not contact any person other than the taxpayer with respect to the determination or collection of the tax liability of such taxpayer without providing reasonable notice in advance to the taxpayer that contacts with persons other than the taxpayer may be made.

26 U.S.C. § 7602(c)(1). It is uncontested that the IRS did not provide advance notice to the Baxters of its intent to make contact specifically with the California Supreme Court. Instead, the government argues that it satisfied this requirement on July 25, 2013 by providing petitioners with generic notice, *i.e.* IRS Publication 1, which states that the IRS will "sometimes talk with other persons if [they] need information that [the taxpayers] have been unable to provide." (Steen Decl. ¶ 8, Exh. A.) The Court finds that the advance notice procedure cannot be satisfied by the transmission of a publication about the audit process generally. The IRC and its implementing regulations highlight that advance notice should be specific to a particular third party. For example, a contact is "authorized" and therefore not subject to the advance notice requirement if the "taxpayer or the taxpayer's authorized representative requests or approves *the contact*." 26 C.F.R. § 301.7602-2(f)(1)(i)(B) (emphasis supplied). In that regard, the implementing regulations contemplate notice for each contact, not a generic publication's reference that the IRS may talk to third parties throughout the course of an investigation. The government's argument that Publication 1 satisfied their obligation of advance notice under Section 7602(c)(1) does not persuade.

In light of petitioners' objection to their administrative compliance, the government professes to be "unclear [as to] what additional notice Petitioners (an attorney and his spouse), represented in at least one examination by another attorney, are demanding from the IRS." (Dkt. No. 15 at 9:9-11.) The Court is not persuaded by this unsubstantiated proffer. No agent swore of such confusion. As the government concedes, petitioners were not "strangers to IRS audits." (*Id.*

4

at 9:13.)  Advance notice could have been satisfied in myriad ways.  *See* 26 C.F.R. § 301.7602-2(d)(1) ("pre-contact notice may be given either orally or in writing"); *Highland Capital Management LP v. United States*, --Fed.Appx.--, 2015 WL 5692377 (2d Cir. Sept. 29, 2015) (finding oral notice to taxpayers sufficient to satisfy Section 7602(c)(1)'s advance notice requirement before issuing third party administrative summons).  In short, the IRS simply failed in this particular administrative duty.

The government having failed to show compliance with the administrative steps provided in the IRC, the Summons for 2011 cannot be enforced.  *See Powell*, 379 U.S. at 57-58. Petitioners' motion to quash the Summons for 2011 is **GRANTED**.

\*\*\*

Should the government choose to satisfy the advance notice requirement and subsequently re-issue the Summons for 2011, the government must also comply with the parameters as set forth with respect to the Summons for 2012, *infra*, to avoid disclosure of privileged materials. Specifically, any such summons issued by the government shall direct the California Supreme Court to first deliver the summonsed documents to the Court for an *in camera* review to determine whether the documents contain any privileged attorney-client communications.

Prior to re-issuing the Summons for 2011, the government shall also meet and confer with petitioners to ensure compliance with *Powell*, including efforts to narrow the scope of the summons to include only information not already in the possession of the government.

**III.   THE SUMMONS FOR 2012**

With respect to the Summons for 2012, the Court is without jurisdiction to address the petition to quash.  Proceedings to quash an IRS summons must be filed no later than the twentieth day after the notice of a third-party summons is mailed to petitioners.  26 U.S.C. § 7609(b)(2)(A); *Mollison v. United States*, 568 F.3d 1073, 1076 (9th Cir. 2009).  The twenty-day limitations period is jurisdictional and "is a condition precedent to the waiver of sovereign immunity."  *Ponsford v. United States*, 771 F.2d 1305, 1309 (9th Cir. 1985).  Here, it is undisputed the FAP was filed to include a challenge to the Summons for 2012 more than twenty days after the IRS mailed it to petitioners.  Petitioners argue that the Court may nevertheless assert jurisdiction over the

government for three reasons,[2] namely because: (1) Rule 15 allows for relation back to the date of the original petition, within the twenty-day period; (2) petitioner Joseph Baxter was in San Diego when notice was mailed to him; and (3) the IRS failed to serve notice of the Summons for 2012 on their personal representative Sara Baxter. The Court addresses petitioners' arguments in turn.

First, petitioners correctly assert that Rule 15(a)(1) allows amendment to pleadings as a matter of course. However, new allegations and claims in an amended pleading do not automatically date back to the time of the original pleading for purposes of limitation periods, such as Section 7609(b)(2)(A). *See* Fed.R.Civ.P. 15(c). Pursuant to Rule 15(c), an amended pleading relates back to the time of the original pleading when "the law that provides the applicable statute of limitations allows relation back" or where "the amendment asserts a claim or defense that arose of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Here, Section 7609 does not allow relation back to quash an IRS summons. In fact, no statutory provision allows for relation back in this instance. Next, the Summons for 2012 is a separate transaction not addressed by the original petition, which only challenged the Summons for 2011. *See Henderson v. United States*, 1999 WL 810380 (D.Co. Aug. 17, 1999) (denying motion to amend petition to quash where amendment would add untimely challenge of summons to same third-party entity as original petition for records pertaining to different tax year). Relation back under Rule 15(c) cannot save this jurisdictional defect.

With respect to petitioners' second argument, they claim that notice was never "given" because petitioner Joseph Baxter was away in San Diego when the notice was mailed to his home address. *See* 26 U.S.C. § 7609(b)(2)(A). In that regard, petitioners argue that the clock on the twenty-day period never started because notice was not properly given under the statute. The

---

[2] In reply, petitioners raised a fourth argument: the related proceeding is consolidated herewith, conferring the Court with jurisdiction to not allow the government to enforce the Summons for 2012 during the pendency of the related proceeding. However, petitioners did not provide and the Court cannot discern any authority by which it may exercise jurisdiction over the sovereign to adjudicate a claim for which the government has not waived immunity to suit. Consolidation would not alter the analysis. And, the other proceeding to which petitioners refer is administratively related and not consolidated herewith. *See* Case No. 15-cv-02138-YGR.

1    Court disagrees.  Section 7609 requires notice be sent by certified mail to petitioners' "last known

2    address."  Petitioners do not contend that the address to which Agent Steen sent the notices does

3    not meet that definition.  The Court finds that notice was "given" to petitioners when the notice

4    was sent by certified mail on September 25, 2015, triggering the twenty-day period.

5            Finally, petitioners similarly argue that the twenty-day period never started because the

6    IRS failed to give notice of the Summons for 2012 to their personal representative, Sara Baxter.

7    Petitioners fail to provide any authority for the proposition that Sara Baxter was entitled to notice

8    of the Summons for 2012.  Although Sara Baxter is the personal representative for petitioners in

9    connection with their 2011 tax liabilities, petitioners had not designated her as their personal

10   representative for their 2012 tax liabilities.  (Steen Decl. ¶ 12.)  Regardless, petitioners argue that

11   the government had actual knowledge that Sara Baxter represented petitioners in connection with

12   their 2012 tax liabilities because she is their attorney of record in a related action challenging

13   evaluation of their 2012 tax liabilities.  *See* Case No. 15-cv-02138-YGR (Dkt. No. 1).  While

14   understanding the practical attractiveness of this argument, petitioners have provided no authority

15   upon which the Court may impose such an obligation on the government.

16           Petitioners' failure to institute a proceeding to quash the Summons for 2012 within the

17   twenty-day period divests the Court of jurisdiction over their petition to quash the same.  The

18   government's motion is **GRANTED** with respect to the Summons for 2012.

19           \*\*\*

20   While the Court cannot entertain a petition to quash the Summons for 2012, it must be

21   assured that the attorney-client privilege will not be violated thereby.  Petitioners' assertions of

22   privilege are not as conclusory as the government suggests.  For example, it is plausible that

23   attorney billing records submitted to the California Supreme Court could reveal litigation strategy.

24   *See Clarke v. American Commerce Nat. Bank*, 974 F.2d 127, 129 (9th Cir. 1992) ("ledgers,

25   statements, and time records which also reveal ….litigation strategy, or the specific nature of the

26   services provided, such as researching particular areas of law, fall within the privilege").

27           To determine whether the documents contain privileged material, and prevent disclosure of

28   the same, the documents produced by the California Supreme Court shall be subject to an *in*

7

*camera* review by the Court prior to disclosure. *See United States v. Zolin*, 491 U.S. 554, 574-75 (1989) (courts often review contested material when parties disagree whether a privilege applies).

Accordingly, the government shall advise the California Supreme Court that the summonsed documents must be delivered to this Court prior to disclosure to the government. Once received, the Court will refer the review to a magistrate judge who will contact the parties and may order any further briefing on the topic as needed.

### IV.  CONCLUSION

Based on the foregoing, petitioners' first amended petition to quash is **GRANTED** as to the Summons for 2011, and the government's motion for summary denial is **GRANTED** as to the Summons for 2012. The petition and motion are otherwise **DENIED**.

This Order terminates Docket Numbers 7, 10, 16, and 20.

**IT IS SO ORDERED.**

Dated: February 8, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**