UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOSEPH GARY BAXTER AND PATRICIA MARY BAXTER**, <br><br> Petitioners, <br><br> v. <br><br> **UNITED STATES OF AMERICA**, <br><br> Respondent. | Case No. 15-cv-04764-YGR <br><br> **ORDER ON GOVERNMENT'S MOTION TO ALTER OR AMEND JUDGMENT** <br><br> Re: Dkt. No. 24 |

The Baxters[1] brought this action seeking to quash third party summonses the IRS served on the California Supreme Court for documents related to payments made to the Baxters. The government opposed and brought its own motion for summary denial. The Court granted in part the FAP and granted in part the government's motion for summary denial of the FAP. (Dkt. No. 22, "Judgment.") The government now moves to alter or amend that Judgment. (Dkt. No. 24, "Mtn.") The Court having carefully considered the papers submitted,[2] the pleadings in this action, and for the reasons set forth below, **GRANTS IN PART** the government's motion.[3]

## I. RELEVANT BACKGROUND

The facts at issue in this case are well-known to the parties and were summarized previously by the Court in its order on the FAP. (*See* Judgment.) The Court recounts only the factual and procedural background pertinent to the instant motion:

The government issued the Summons for 2011 and Summons for 2012 to a third-party, the California Supreme Court, seeking "documents relating to billing statements, invoices, or other

---

[1] All terms herein shall have the same meaning as defined in this Court's February 8, 2016 order on the first amended petition to quash. (Dkt. No. 22.)

[2] On February 26, 2016, the Court ordered the government to submit a supplemental brief addressing the legal basis upon which the IRS is entitled to documents protected by the attorney-client privilege. (Dkt. No. 26.) The government submitted its supplemental brief (Dkt. No. 27), the Baxters opposed the government's motion to alter or amend (Dkt. No. 28), and the government replied in support (Dkt. No. 30).

[3] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing date set for April 12, 2016.

documents resulting in payments to petitioners, contracts operable during those time periods, and other information about how attorneys are paid by the Judicial Council." (Dkt. No. 10-2 ¶ 11.) Petitioners filed their original petition to quash as to the Summons for 2011 only, and upon learning of the Summons for 2012, filed the FAP to quash both summonses.

The FAP sought to quash both summonses on several grounds, including that: (1) the IRS failed to provide petitioners advance notice it would contact the California Supreme Court in violation of 26 U.S.C. section 7602(c)(1), and (2) the documents the IRS seeks are protected by the attorney-client privilege. The government opposed, contending in part that the Court did not have subject matter jurisdiction to quash the Summons for 2012 because the FAP was untimely with respect thereto. The government also argued the summonses were procedurally proper as petitioners had not shown that any summonsed documents contained communications protected by the attorney-client privilege.

With respect to the Summons for 2011, the Court granted the FAP based on the government's failure to comply with administrative notice requirements. As to the Summons for 2012, however, the Court found it was without subject matter jurisdiction to entertain the FAP because it was untimely. The Court further imposed certain procedural safeguards with respect to both summonses, including subjecting the documents to an *in camera* review to ensure no attorney-client communications were produced to the government.

The government now moves to alter or amend the Judgment on two grounds, namely that: (1) the Court is without subject matter jurisdiction to order an *in camera* review related to the Summonses for 2011 and 2012 or to require the IRS meet and confer before reissuing the Summons for 2011; and (2) the Court's finding that the IRS is required to give particularized notice of third-party contacts to taxpayers was erroneous. (*See* Mtn.)

II.  **STANDARD OF REVIEW**

Pursuant to Federal Rule of Civil Procedure 59(e), a court may alter or amend a judgment where: "1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening

2

change in controlling law." *Turner v. Burlington N. Santa Fe RR. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (internal quotations and alterations omitted).  Rule 59(e) is generally seen as "an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).  A motion under Rule 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).  Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127-128 (2d ed. 1995)); *see also Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) ("A district court does not abuse its discretion when it disregards legal arguments made for the first time on a motion to amend.").  A district court "enjoys considerable discretion" in granting or denying a motion to amend or alter a judgment under Rule 59(e). *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc).

### III.  DISCUSSION

The government moves under Rule 59(e) to alter or amend the Judgment with respect to both summonses.  The government argues the Court made two clear errors of law; specifically, the Court erred because: (1) it is without subject matter jurisdiction to order an *in camera* review related to both summonses or to require the IRS meet and confer before reissuing the Summons for 2011; and (2) its conclusion that the IRS is required to give particularized notice of third-party contacts to taxpayers was without basis in law.  The Court now addresses the government's arguments in turn.

First, the government argues the Court does not have subject matter jurisdiction to order *in camera* review as to either the Summons for 2011 or the Summons for 2012.  In addition, the government argues the Court is similarly without authority to order the government to meet and confer with petitioners prior to re-issuing the Summons for 2011.  The Court agrees on both grounds.  With respect to the Summons for 2011, the Court lost subject matter jurisdiction over

the matter when it quashed the same. However, the Court remains perplexed at the government's overly litigious approach. With respect to the Summons for 2012, the Court also agrees it does not have jurisdiction to order *in camera* review of documents responsive to a summons over which it does not have jurisdiction. The Court therefore **GRANTS** the government's motion on this basis. The Judgment is **AMENDED** to remove the requirements that (i) the California Supreme Court deliver the summonsed documents to this Court prior to disclosure to the government and (ii) the government meet and confer with petitioners before it reissues the Summons for 2011.

Second, the government contends the Court's finding that IRS Publication 1 is insufficient under 26 U.S.C. section 7602(c)(1) was erroneous as a matter of law. The government's arguments do not persuade. The motion is based entirely on arguments that either were or could have been presented to the Court in support of the government's motion for summary denial. The government has failed to satisfy its burden. The government's motion on this ground is **DENIED**.

### IV. CONCLUSION

Based upon the foregoing, the government's motion is **GRANTED IN PART**. The Judgment is **AMENDED** so that the *in camera* review as well as the meet and confer conditions are removed as to both the Summons for 2011 and the Summons for 2012. The government's motion is otherwise **DENIED**.

This Order terminates Docket Number 24.

**IT IS SO ORDERED.**

Dated: April 6, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**